The defendant’s contention that the evidence was legally insufficient to support his conviction of burglary in the first degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of burglary in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of burglary in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s challenge to the trial court’s interested witness charge is unpreserved for appellate review (see CPL 470.05 [2]; People v Rivera, 307 AD2d 369, 369-370 [2003]; People v Brown, 209 AD2d 532 [1994]). In any event, the court’s charge *633 in this regard was proper (see People v Dees, 45 AD3d 602, 603 [2007]; People v Varughese, 21 AD3d 1126, 1128 [2005]; People v Lopez, 1 AD3d 458, 459 [2003]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Roman, Miller and Hinds-Radix, JJ., concur.